UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRK P. HARVEY,

                                        Plaintiff,

        v.                                          09-CV-00020 (TJM/GJD)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

        Plaintiff moves for an award of attorney's fees under the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412.  The Commissioner does not oppose the motion.  For the

following reasons the motion is granted.

## I. FACTS

        On January 8, 2009, Plaintiff filed a Complaint, appealing a final decision of the

Commissioner of Social Security that denied Plaintiff's claim for benefits.  Dkt. 1 at 1.

Magistrate Judge Bianchini issued a Report and Recommendation recommending that the

Plaintiff's claim for benefits be remanded for further proceedings pursuant to 42 U.S.C.

§405(g).  Dkt. 15 at 16.  This Court adopted the Report and Recommendation on November

18, 2010.  Dkt. 16 at 1.  A final judgment was entered in favor of Plaintiff on November 18,

2010.  Dkt. 17 at 1.

On January 11, 2011, Plaintiff filed a motion seeking attorney's fees and costs in the sum of $7,175.64.  Dkt. 19 at 1.  The sum represents 40.9 hours Plaintiff's attorney worked on this matter and the cost of service of the Summons and Complaint.  Dkt. 19-1 at 10.  The hourly rates charged by Plaintiff's attorney in 2008, 2009, 2010, and 2011, respectively, are as follows: $174.24, for 3 hours; $174.53, for 32.6 hours; $179.04, for 2.8 hours; and $179.04, for 2.5 hours.  Dkt. 19 at 1.

## II. DISCUSSION

The EAJA provides that:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412 (d)(1)(A).  A party seeking an award of fees and other expenses shall file a motion with the court within thirty days of final judgment in the action.  28 U.S.C. §2412 (d)(1)(B).

### a. Conduct Not Substantially Justified

The government bears the burden of showing that its position was substantially justified.  Healey v. Leavitt, 485 F.3d 63, 67 (2d Cir. 2007).  To meet that burden it must make a strong showing that its action was "'justified to a degree that could satisfy a reasonable person.'"  Healey, 485 F.3d at 67 (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed.2d 490 (1988)).  Courts have found the Commissioner's position is not substantially justified when a Social Security claim is "supported from the start by probative medical evidence that was unreasonably ignored or mischaracterized by the . . . ALJ."  Ericksson v. Commissioner of Social Security, 557 F.3d 79, 83 (2d Cir. 2009) (where a

physician's report of the plaintiff's back condition was summarized by the ALJ as simply being "noted, when the doctor in fact made an independent diagnosis"); see also 20 C.F.R. §404-1527 (d) ("Regardless of its source, we will evaluate every medical opinion we receive.").

Here, for the reasons stated in the Court's prior decision remanding Plaintiff's claim to the Commissioner of Social Security for expedited proceedings, the Court finds the Commissioner was not substantially justified in challenging the action.[1]

**b.  Reasonable Attorney's Fees**

Allowable fees and other expenses under the EAJA are defined as:

> . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . and . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee.).

28 U.S.C. §2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Healey, 485 F.3d at 69 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983)).  The standard fee for routine social security cases under the EAJA in the Second Circuit averages around twenty to forty hours. See Coughlin v. Asture, 2009 WL3165744, at *2 (N.D.N.Y. Sept. 28, 2009).  Attorney's fees may be awarded in an amount "above the statutory cap if they are 'qualified for the proceedings' in some specialized sense, rather than just in their general legal competence." Healey 485 F.3d at 68.

---

[1]In light of the failure to file opposition papers, the Commissioner does not argue otherwise.

Here, Plaintiff's attorney spent 40.9 hours for representation of Plaintiff between December 2008 - January 2011, which largely consisted of a reasonable amount of time conducting research, drafting memoranda, and reviewing court documents.  Furthermore, the hourly rate charged by Plaintiff's attorney, adjusted for cost of living increases by the Consumer Price Index, is also reasonable.  See Dkt. 19-1 at 9; see also Harris v. Sullivan, 968 F.2d 263,265 (2d Cir. 2008) (noting that "cost of living" has the "ordinary meaning and is properly measured by the Consumer Price Index"); Kerin v. U.S. Postal Service, 218 F.3d 185, 194 (2d Cir. 2000) ("the hourly rate under §2412 (d)(1)(A) should only be increased by the corresponding Consumer Price Index for each year in which the legal work was performed").

## III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion and awards attorney's fees and costs in the amount of $7,175.64.

IT IS SO ORDERED.

Dated:May 26, 2011

Thomas J. McAvoy
Senior, U.S. District Judge

- 4 -