UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DICK HARVEY,

                          Plaintiff,

      v.                                                             5:09-CV-0020

COMMISSIONER OF SOCIAL SECURITY,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Presently before the Court is Plaintiff's Motions for Attorney's Fees pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1).

Section 406(b) regulates attorney's fees for representation before the Commissioner of Social Security. It states in relevant part that "[w]henever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1) (A). Section 406(b) calls for courts to review fee agreements as an independent check to assure that they yield reasonable results in particular cases. See Wells v. Bowen, 855 F. 2d 37, 41 (2d Cir. 1988). The claimant's attorney must show that the fee sought is reasonable for the services rendered. See Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 152 L. Ed.2d 996 (2002).

To determine the reasonableness of the fee, the court must: (1) give due deference to the intent of the parties; (2) determine whether the fee is within the 25% statutory limit; (3) determine if there was "fraud or overreaching in [the] making [of] the agreement;" and (4) determine if the amount requested "is so large as to be a windfall to the attorney." Wells v. Sullivan, 907 F. 2d 367, 372 (2d Cir.1990).

Although a successful plaintiff may seek fees under both the EAJA and 42 U.S.C. § 406(b), ". . . the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." Gisbrecht, 535 U.S. at 794–95.

Having found the aforementioned factors to be satisfied, Plaintiff's Motion for Attorney's Fees is **GRANTED**. Plaintiff's Attorney is **ORDERED** to return to Plaintiff the $7,175.64 in attorney's fees previously awarded under the EAJA.

IT IS SO ORDERED.

Dated: July 2, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge